NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LUAN P. KHUC,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2024-1362

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-02036-CNL, Judge Carolyn N. Lerner.

---

Decided:  June 26, 2024

---

LUAN P. KHUC, San Jose, CA, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

---

Before PROST, SCHALL, and HUGHES, *Circuit Judges*.

PER CURIAM.

### DECISION

Luan P. Khuc appeals the Order and Final Judgment of the United States Court of Federal Claims that, pursuant to RCFC 12(h)(3), dismissed his complaint for lack of subject-matter jurisdiction. *Khuc v. United States*, No. 23-2036-CNL (Fed. Cl. Nov. 29, 2023), ECF Nos. 5, 6; Appellant's Br. 21–22.[1]  We *affirm*.

### DISCUSSION

### I

On November 27, 2023, Mr. Khuc filed a pro se complaint in the Court of Federal Claims.  In his complaint, he alleged that the United States had issued him an "Award Certificate" in the amount of $10,000,000 that he wanted to redeem. *Khuc v. United States*, No. 23-2036-CNL (Fed. Cl. Nov. 27, 2023), ECF No. 1; Appellant's Br. 3, 23–25.  Two days later, the court sua sponte issued its Order dismissing Mr. Khuc's complaint for lack of subject-matter jurisdiction.  Citing the Tucker Act, 28 U.S.C. § 1491(a)(1), and *Jan's Helicopter Services, Inc. v. Federal Aviation Administration*, 525 F.3d 1299, 1306 (Fed. Cir. 2008), the court explained, "[w]hile Mr. Khuc names the United States as a defendant, he does not invoke any source of law that provides a jurisdictional basis in this Court or challenge any specific conduct by the federal government."  Appellant's Br. 21.  Following the entry of judgment, Mr. Khuc timely appealed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

---

[1]    We use the pagination assigned by the CM/ECF system for Mr. Khuc's informal brief and the attachments thereto.

## II

The Court of Federal Claims derives its jurisdiction (which is its power to hear a case) from the Tucker Act. The Tucker Act provides as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

In *Jan's Helicopter*, we stated that "because the Tucker Act itself does not create a substantive cause of action, 'in order to come within the jurisdictional reach . . . of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.'" 525 F.3d at 1306 (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)). Moreover, a claimant such as Mr. Khuc must demonstrate that the source of substantive law he relies upon "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 218 (1983). Although in the Court of Federal Claims Mr. Khuc pointed to an "Award Certificate," he failed to identify in his complaint any source of law that could fairly be interpreted as mandating that the United States compensate him for holding such a

document.[2]  For this reason, Mr. Khuc failed to show that the Court of Federal Claims was authorized to hear his case.

## III

For the foregoing reasons, the Order and Final Judgment of the Court of Federal Claims dismissing Mr. Khuc's complaint are affirmed.

**AFFIRMED**

COSTS

No costs.

---

[2]    As the government points out, it appears that Mr. Khuc's "Award Certificate" was provided to him as part of an elaborate online scam.  *See* Appellee's Br. 4–5.